Lyman v. Goll.

No. 23,770.

Anna Lyman, as Executrix of the Estate of Josephine Diebolt, Deceased, *Appellant,* v. J. H. Goll, *Appellee,* et al.

SYLLABUS BY THE COURT.

1. Gifts—*What Constitutes a Completed Gift of Property.* A gift of property including a chattel mortgage interest in an automobile may be made where there is a delivery of the same by the donor and an acceptance by the donee with the intention to make a transfer of ownership to take immediate effect.

2. Same—*Gift of note and Chattel Mortgage Completed by Delivery.* The recording of a release of a chattel mortgage is not essential to a completed gift where there is a delivery of the note and mortgage with the donative intention to transfer immediately the interest or property to the donor and vest the control and dominion of it in the donee.

3. Replevin—*Evidence—Transactions With Persons Since Deceased—Competent Witness.* In a replevin action where one who was named as a defendant disclaims interest in the property involved in the action and the trial proceeds against the remaining defendant, the disclaiming defendant is not barred from testifying as to transactions or communications with a deceased person represented by the plaintiff.

4. Findings—*Consistent With Verdict.* Special findings examined and held not to be inconsistent with the general verdict or to require the entry of judgment for the plaintiff.

Appeal from Atchison district court; William A. Jackson, judge. Opinion filed June 10, 1922. Affirmed.

*A. E. Crane, R. F. Hayden,* both of Topeka, and *Maurice O'Keefe,* of Atchison, for the appellant.

*J. M. Challiss,* and *C. J. Conlon,* both of Atchison, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: The plaintiff, as executrix of the estate of Josephine Diebolt, deceased, brought an action against J. H. Goll, and his wife, Minnie Goll, to recover the possession of an automobile. After the action was brought Minnie Goll disclaimed any interest in the automobile, after which the trial proceeded against J. H. Goll alone. The defendant prevailed, and plaintiff appeals.

The plaintiff claimed the possession of the car under a chattel mortgage executed by the defendants for money advanced by Josephine Diebolt to pay for the car. The defendant claimed that the indebtedness and mortgage lien were forgiven, that a gift of the

Lyman v. Goll.

interest was actually made by her, and that in recognition of special attention and nursing given to her by the Golls she released her interest and made a complete gift to the defendant. Mrs. Diebolt was an elderly widow living apart from her children, and in June, 1917, came to live in the hotel kept by the defendant. She was in poor health, had many attacks of illness, and during the eleven months that she was with the defendant she was cared for and nursed by Mrs. Goll. Shortly after she came to the hotel she assisted the defendant in the purchase of an automobile by joining him in the execution of a note for $1,100, being the greater part of the purchase price, and the defendant gave her a chattel mortgage to secure the obligation which she had assumed. According to the testimony in behalf of the plaintiff she was frequently taken by defendant in the car to five farms owned by her and on numerous trips about the city of Atchison, and as one witness said, rode in the automobile whenever she wanted to do so. She paid the note when it became due and held it and the mortgage for a time. The testimony for plaintiff is that in recognition of the care given her she made a will devising property to the Golls and later she made a completed gift of the note and mortgage to the defendant. Before her death and while she was in a hospital in Kansas City she made another will leaving no property to the Golls, and at the same time gave instructions to reclaim the automobile under the chattel mortgage. It appears that she had executed a release of the mortgage, but withheld it from record. She admitted that she owed the Golls for the special attention they had given her, and indicated a willingness to pay the bill.

The controlling question in the case is the matter of the gift of the note and mortgage interest to the defendant. The matter of gift was discussed by the parties, and the note and mortgage came into the possession of the defendant, but the plaintiff contends that the gift was not complete, and that this was shown by her direction that the release which Mrs. Diebolt executed was not to be recorded before her death and was recalled before that event. The testimony relating to the recording of the release was competent as throwing light on her intention as to the nature of the gift made and whether or not the property was delivered to the defendant with the intention of releasing the defendant from all obligation to her. A record of the release, however, was not essential to a valid and effective gift if it was made with the intention that it should take immediate

effect. On this question the evidence was conflicting, and we conclude that that produced by the defendant is sufficient to uphold the verdict of the jury.

The court instructed the jury as to what must be shown to establish an executed gift, and also with respect to a conditional gift that was not to take effect until the death of the donor. They were told that if Mrs. Diebolt did not in her lifetime make a completed gift of her interest in the automobile, but made it upon the condition that it was to take effect on her death, she was at liberty to revoke and cancel it before that time, and if she did so the defendant would have no right to claim the property. The issue as to whether a completed gift had been made was fairly submitted to the jury.

Objection was made to the testimony of Mrs. Goll, the wife of the defendant, upon the ground that she was not a competent witness to testify as to transactions and communications with the deceased mortgagee. She had been named as a defendant when the action was instituted, but before the trial she disclaimed all interest in the property in question, and the trial proceeded as if she was out of the case. Thereafter she was a competent witness and could testify as to transactions and communications with the deceased mortgagee to the same extent as if she had not originally been named as a defendant.

There is a further contention that certain special findings as to the recording of the release required a judgment for plaintiff. The jury found that Mrs. Diebolt had given a release to one L. M. Baker and had told him that he was to file it if she died, but that if she lived she might want to recall it. That she afterwards did direct its return and it was returned by Baker before her death and was never recorded. As has already been said, the testimony as to recording the release and its recall went to the contention that the gift was incomplete, but the recording was not essential to an executed gift if the property was delivered to the defendant by the donee and accepted by him with the intention of transferring title when it was given. The findings in this regard did not entitled the plaintiff to a judgment.

Judgment affirmed.